## PEOPLE *ex rel.* KRUSE *v.* WOODMAN *et al.,* Commissioners of Excise.

*(Common Pleas of New York City and County, General Term.* April 1, 1889.)

1. EVIDENCE—DECLARATIONS—BY STRANGER.

On an application for a writ of *mandamus* to excise commissioners to issue a license, declarations of one as to his interest in the business are inadmissible as against relator, such declarations not having been made in his presence, or with his knowledge, or by his agent.

2. VERDICT—WEIGHT—MANDAMUS.

A verdict on an issue on an application for a writ of *mandamus* should not be disregarded, in the absence of a motion for new trial, where the evidence is conflicting, and there is ample evidence to sustain it.

3. SAME—GROUND FOR SETTING ASIDE.

It is not ground for setting aside the verdict that the jury, in answer to their question whether the court would be bound by the verdict, were told that it would not be,—they having been instructed, at appellants' request, that the verdict would have an influence on the court; and such instructions were not erroneous, as the verdict would have been reviewable had a motion for new trial been made; Code

Civil Proc. N. Y. § 2082, providing that proceedings after issue joined shall be the same as in an action, and sections 999, 1000, providing for a motion to set aside the verdict and for new trial, and for hearing exceptions at general term.

Appeal from special term.

Application by Charles Kruse for a writ of *mandamus* to Charles H. Woodman and others, commissioners of excise of the city of New York, to issue a license to relator. Defendants offered evidence of admissions by one Hillen of having an interest in the business to be carried on under the license. The writ was directed to issue, and defendants appeal. For opinion on former appeal, see 1 N. Y. Supp. 335. Code Civil Proc. § 2082, provides that, except as otherwise prescribed, "the proceedings after issue is joined upon the facts or upon the law are in all respects the same as in an action, and each provision of this act relating to the proceedings in an action applies thereto. * * *" Section 999 provides for a motion on the judge's minutes to set aside the verdict and grant a new trial, and section 1000 provides for hearing exceptions at general term in first instance.

Argued before LARREMORE, C. J., and DALY and ALLEN, JJ.

*Charles W. Dayton,* for appellants. *Eugene L. Bushe,* for respondent.

DALY, J. The jury in this proceeding has found that no person or persons other than the relator, Kruse, was interested or to be interested in the business to be carried on at No. 38 East Fourteenth street at the time of his making application for a license. This verdict should not be disregarded, even if the court had the right to disregard it, because there was conflicting evidence on the question submitted, and the verdict has ample evidence to sustain it. I cannot say that I would have arrived at any different conclusion than that reached by the jury upon the proofs before us. There was no error in any of the rulings attacked by the appellants in their briefs. Evidence of the declarations of the party alleged to be interested with Kruse was properly rejected, because such declarations were not made in his presence, nor with his knowledge, nor by his agent. It is not ground for setting the verdict aside that the jury, in answer to a question they put to the court as to whether this court would be absolutely bound by the verdict, were told that it would not be. They were instructed, at the request of defendants, that the verdict would unquestionably have an influence on the court. They, therefore, knowing that to be the case, rendered their verdict in the relator's favor, and must have intended it to have the effect of influencing the court in the relator's application for his *mandamus,* so that, even were their verdict final on the issues submitted to them, the defendants have not suffered by the instructions given. But the instructions were not erroneous; for, if the motion for a new trial had been made by the defendants, the verdict would have been open to review by the court. Code, §§ 999, 1000, 2082. The decision of the judge who granted the *mandamus,* that in the absence of such a motion the verdict could not be disregarded, was also correct. The other questions in this proceeding have been already disposed of at a preceding general term. The order should be affirmed, with costs. All concur.